

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

December 16, 1974

The Honorable Ed J. Harris
Chairman Elections Committee
House of Representatives
P.O. Box 2910
Austin, Texas 78767

Opinion No. H- 474

Re: Effect of Article 2.02(g)
Election Code, on combining
or consolidating precinct
voting locations for a primary.

Dear Mr. Harris:

Your committee is considering proposed legislation and has
asked us several questions concerning Article 2.02(g) of the Election
Code, the first of them being:

> Do the provisions of Article 2.02(g), Vernon's
> Texas Election Code, apply to party primary elec-
> tions . . . operated . . . under the provisions of
> [temporary party primary legislation such as Article
> 13.08c-2 et seq., Election Code ?]

Article 2.02 of the Election Code reads in part:

> Unless a specific statute provides otherwise,
> the following rules shall govern the establishment
> of election precincts and the designation of polling
> places for the conduct of the various kinds of elec-
> tions held within this state.
>
> . . .
>
> (f) Primary elections. In all primary elections
> held by political parties for nominating candidates to
> be voted on at general and special elections held at
> the expense of the county, the election precincts shall
> be the county election precincts established by the
> commissioners court pursuant to Section 12 [Article
> 2.04] of this Code.

It is our opinion, therefore, that the rules and regulations of Articles 2.01, 2.02 and 2.03 of the Election Code apply to primary elections. These would include the provisions of Article 2.02(g) which is an amendment to the article adopted by the 60th Legislature. Acts 1967, 60th Leg., ch. 723, p. 1862, sec. 6. It provides:

> In any election for which the election precincts are required to be those formed under the provisions of Section 12 of this code, if in any county there is no local office or proposition to be voted on by the voters of only that county or a part of that county, the authority holding the election may combine any two or more regular election precincts into consolidated precincts for such election in that part of the county having no such local office or proposition to be voted on if it appears that the voters included within each consolidated precinct can be adequately and conveniently served at one polling place; provided, however, that there shall always be at least one consolidated precinct wholly within each commissioners precinct of the county.
> (Emphasis added)

Your second question is:

> Does Article 2.02(g), Vernon's Texas Election Code, prohibit the combining or consolidation of precinct voting locations for the party primary elections when the names of candidates for any of the offices or positions named in Article 6.05a, Vernon's Texas Election Code, appear on the ballot in either of the precincts to be combined or consolidated?

Article 6.05(a), Election Code, requires that:

> For any election, _general or primary_, at which
> the district office of United States Representative,
> State Senator, or State Representative, or the pre-
> cinct office of county commissioner, justice of the
> peace, constable, public weigher, _or precinct_
> _chairman of a political party_ is to be voted on,
> different ballots shall be prepared for the various
> districts or precincts involved in the election, to
> differ with respect to the district or precinct
> offices to be voted on.  _The election officers for_
> _each election precint shall be furnished official_
> _ballots listing the district and precinct offices_
> _and candidates which are to be voted on by the_
> _voters in the particular election precinct, and_
> _no other district or precinct office shall be listed_
> _thereon, so that no voter shall receive a ballot_
> _listing any district or precinct office on which he_
> _is not entitled to vote._   (Emphasis added)

Pursuant to Article 2.02 (f), which requires election precincts
to be formed under Article 2.04 in primary elections, Article 2.02(g)
is by its terms applicable to these primaries.  Whether precincts may
be consolidated when one of the offices ennumerated in Article 6.05(a)
is involved apparently depends on the "local" nature of the office. Clearly,
precincts may not be consolidated in a manner which would result in a
voter receiving a ballot on which an office on which he is not entitled to
vote is listed.  However, the total import of the 1967 amendments to
Article 2.02(g) is ambiguous.  Prior to amendment, consolidations were
allowed only when "there [was] no local office or proposition to be voted
on by the voters of only [one] county or a part of [a] county."  This
restriction remains in the text of the amended article and there is there-
fore some doubt concerning the Legislature's intent in adding the language
"in that part of the county having no such local office or proposition to
be voted on."   This amendatory language implies that precincts may be
consolidated in a portion of a county when there is no local office to be
voted on in that portion.  However, the original language of the article
restricts consolidations to those counties having no local office to be
voted on by the voters in _any_ portion of the county.  While we are not
prepared to hold the statute inoperative, further Legislative attention
is needed to reconcile this ambiguity.

## SUMMARY

The provisions of Article 2.02(g) of the Election Code apply to primary elections, although the inconsistent nature of its provisions necessitates further clarification by the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg